UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BONNIE BAILEY, PEGGY WISE, and JUNE SCHWIERJOHN, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OSF HEALTHCARE SYSTEM, THE SISTERS OF THE THIRD ORDER OF ST. FRANCIS EMPLOYEES PENSION PLAN ADMINISTRATIVE COMMITTEE, THE SAINT ANTHONY'S HEALTH CENTER RETIREMENT COMMITTEE, and JOHN DOES 1–20,<br><br>Defendants. | Case No. 1:16-cv-01137-SLD-TSH |

<u>ORDER</u>

Before the Court is Plaintiffs' motion to voluntarily dismiss the Second Amended Complaint, ECF No. 62.  Plaintiffs also sought leave to file a reply to Defendants' response to that motion, ECF No. 68, and then Defendants sought leave to file a sur-reply to that motion, ECF No. 69.  For the reasons that follow, the motion to dismiss is GRANTED and the motions for leave DENIED.  In addition, several earlier pending motions—a motion for extension of time to file a motion to strike, ECF No. 52, a motion to stay, ECF No. 53, a motion for hearing on that motion, ECF No. 55, and two motions for leave to file notice of supplemental authority, ECF Nos. 56, 58—are made MOOT by the Court's order today.

**BACKGROUND**

As recounted in greater detail in the Court's March 23, 2017 Order, ECF No. 61, Plaintiffs, who sue on their own behalf and that of a putative class, are or were employees of Defendant OSF HealthCare System's ("OSF") Saint Francis Medical Center in Peoria, Illinois. Plaintiffs claim that the retirement plan Defendants run, in which Plaintiffs participate, is funded at a lower level than is required by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 ("ERISA"). Plaintiffs filed suit on May 3, 2016, *see* Compl., ECF No. 1, in the Central District of Illinois, where Saint Francis Medical Center is located.

However, six days earlier, another pair of plaintiffs, Sheilar Smith and Kasandra Anton ("the Smith plaintiffs") had filed suit against OSF on a nearly identical theory in the Southern District of Illinois, where Smith had been employed at OSF's Saint Anthony's facility. *See* Smith Compl. 2, ECF No. 1; *Smith v. OSF*, No. 3:16-cv-00467-SMY-RJD (S.D. Ill. Apr. 27, 2016) (hereafter "*Smith*").

A protracted battle over venue began, with no side indifferent. First, OSF moved in the Southern District to transfer the Southern District litigation to the Central District. OSF Mot. Change Venue, *Smith* ECF No. 33. The court denied that motion, Jul. 25, 2016 Order, *Smith* ECF No. 45, and denied a motion to reconsider the denial, Aug. 17, 2016 Order, *Smith* ECF No. 54. Then, the Smith plaintiffs moved in the Central District, before this Court, to intervene, Mot. Intervene, ECF No. 23, solely for the purpose of seeking an order transferring this case to the Southern District, perhaps for consolidation, Mot. Transfer, ECF No. 25. Plaintiffs thought the Smith Plaintiffs should be allowed to intervene, but then should be stuck here and forced to litigate there claims here as well. Pls.' Mem. Opp. Transfer 12, ECF No. 29. The Court let the Smith plaintiffs intervene but denied the motion to transfer. *See* Mar. 23, 2017 Order 5–11. While this was going on, OSF tried to transfer the Southern District case north again, this time

2

via a motion before the United States Judicial Panel on Multidistrict Litigation ("the MDL Panel"). *See* MDL Panel Not. of Hearing, ECF No. 41. The MDL Panel too said no. MDL Order 1–3, ECF No. 49.

After this Court's order denying the Smith plaintiffs' request to transfer the case, instead of proceeding to a scheduling conference, Plaintiffs filed the instant motion to dismiss. All is now resolved between Plaintiffs and the Smith plaintiffs; they seek to litigate their claims together in the Southern District. Mem. Supp. Mot. Dismiss 1–2, ECF No. 63. OSF, though, objects: "The Motion should be denied because Plaintiffs fail to adequately explain why they did not take steps in this direction long ago and, by so doing, reduce the burdens associated with OSF's efforts to consolidate the two actions." Resp. Mot. Dismiss 1, ECF No. 66. Before, OSF sought to reduce that burden and consolidate the actions; now, apparently, consolidation must be opposed, and the burden of parallel litigation endured as the only just punishment for such delay. Neither side was able to contain their argument to a single motion or response; instead, the request to reply, and to sur-reply, quickly followed, and then a response opposing the latter, ECF No. 70.

## DISCUSSION

### I. Legal Standard on a Motion for Voluntary Dismissal by Plaintiff

A plaintiff may dismiss his claim without leave of court or the opposing party if he does so before the other side has answered or moved for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Thereafter, he may do so with only with the consent of all parties who have appeared, *id.* 41(a)(1)(A)(ii), or with leave of the court and "on terms that the court considers proper," *id.* 41(a)(2). In these latter cases, unless the stipulation of the parties or the order of the court states otherwise, the dismissal is without prejudice. *Id.* 41(a)(1)(B), 41(a)(2).

3

A court's grant of voluntary dismissal to a plaintiff over a defendant's objection under Rule 41(a)(2) "rests within the sound discretion of the district court." *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). "[F]actors to be considered in examining motions to dismiss may properly include 'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.'" *Id.* (quoting *Pace v. Southern Express Company*, 409 F.2d 331, 334 (7th Cir. 1969)). However, these factors are just a guide for the trial judge, "in whom the discretion ultimately rests." *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986) (quoting *Tyco*, 627 F.2d at 56).

## II. Discussion

Dismissal is plainly proper in this case. Turning to the factors identified in *Pace*, the Court first agrees with Plaintiffs that Defendants have been put to little or no expense in actually preparing for trial. A scheduling conference has not yet occurred, and no discovery schedule has been set. Virtually all of the litigation in this matter so far has been about where the litigation will occur. Second, there is no evidence of excessive delay or lack of diligence on Plaintiffs' part. While Defendant is correct in a trivial sense that, had Plaintiffs and the Smith plaintiffs coordinated their efforts from the start, there would have been less ink spilled in this Court and in the Southern District, Plaintiffs' counsel avers, and the Court has no reason to doubt, that the agreement all plaintiffs have finally arrived at was the result of ongoing negotiation between the plaintiffs, and not of some desire maliciously to protract OSF's preliminary litigation in more than one venue. *See* Aff. Supp. Mot. Dismiss 2, ECF No. 64. Third, the explanation of the need to take a dismissal could not be clearer: Plaintiffs seek to "avoid duplicative litigation efforts to

4

the detriment of all parties, including Defendants." Mem. Supp. Mot. Dismiss 2, ECF No. 63. And fourth, no motion for summary judgment has been filed.

More broadly, it makes sense to dismiss one of the two lawsuits so that all plaintiffs can try to pursue their claims in one forum, as Plaintiffs, OSF, and the Smith plaintiffs have all argued at one point or another. As courts have long recognized, seeking to consolidate cases with common questions of law and fact, like these ones, "promote[s] convenience and judicial economy." *Midwest Cmty. Council, Inc. v. Chicago Park Dist.*, 98 F.R.D. 491, 499 (N.D. Ill. 1983). OSF's arguments to the contrary begin by conceding the great economy that would be achieved by having one lawsuit rather than two, but, perversely, do so only in order to flagellate Plaintiffs for not having achieved such unanimity earlier. If OSF recognizes the value of consolidation, as it says it did in seeking repeatedly to have both cases tried in the Central District, it now seeks a strangely pyrrhic victory by asking the Court to refuse consolidation in order to punish Plaintiffs (and everyone), and make both lawsuits go forward separately.

OSF opposes dismissal solely on the ground that Plaintiffs unfairly delayed this outcome, but points to no reason that dismissal of this case works a harm against it, rather than the benefits in economy identified above. Courts are empowered to impose conditions upon the withdrawal of a claim under Rule 41(a)(2), up to and including making the dismissal with prejudice, in order to protect the rights of defendants who may wish claims, once brought, to be adjudicated, and who may not wish to be faced with the prospect of preparing for and repeating the initial phases of a litigation already substantially begun. *See McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985) ("The rule states that dismissal is without prejudice unless otherwise specified, which suggests, and it has been uniformly assumed, that the terms and conditions must be for the defendant's benefit. They are the quid for the quo of allowing the plaintiff to dismiss his suit

5

without being prevented by the doctrine of res judicata from bringing the same suit again."). None of those interests are implicated here, and OSF needs no protection from repeated suit, because Plaintiffs' litigation against OSF will proceed regardless of the ruling on the motion to dismiss. The only question is whether it will proceed before this Court or, at a savings of time and expense for all parties and the Court, only in the Southern District, when Plaintiffs join the Smith plaintiffs.

For all of these reasons, the Court grants Plaintiffs' motion to dismiss. Furthermore, an award of costs or attorney's fees would be inappropriate in this case. OSF cites *Mother & Father v. Cassidy*, 338 F.3d 704, 708–10 (7th Cir. 2003) in support of its request for fees and costs, and argues that it has been put to the expense of preparing work product that won't be useful in subsequent claims. *See Wells Fargo Bank, N.A. v. Younan Properties, Inc.*, 737 F.3d. 465, 468 (7th Cir. 2013). But the reason a court might want to order a defendant reimbursed for expenses accrued in fighting a suit that ends in voluntary dismissal, with expected refiling elsewhere, is to punish a plaintiff who should have just brought the suit in the correct jurisdiction to begin with, and save the defendant from paying for the plaintiff's acknowledged mistake. *See id.* ("A judge who reasonably believed that the plaintiff had imposed a gratuitous expense on the defendant by filing in the wrong court and now wanted to dismiss without prejudice in the expectation of refiling in the right court would therefore be justified in conditioning voluntary dismissal on the plaintiff's reimbursing some or all of the defendant's expenditures in litigating the jurisdictional issue."). Those circumstances do not apply here, where the dismissal is sought not because Plaintiffs recognize that jurisdiction is inappropriate or venue does not lie, but in order to promote judicial economy and speedy resolution of all claims. And *Mother & Father* interpreted a Rule 41 dismissal *with* prejudice as invoking Rule 54's presumptive award of costs

to the prevailing party—but no one is asking for this dismissal to be with prejudice, so neither *Mother & Father* or Rule 54 are in play.

The real question, in determining whether any kind of award to Defendants is appropriate, is whether Defendants have been put to foreseeably unnecessary and redundant expense in defending themselves in the instant action, now that Plaintiffs have agreed to coordinate with their counterparts in the Southern District. *See Wells Fargo*, 737 F.3d at 468. While OSF sought vigorously to compel all plaintiffs to litigate here in the Central District, it was not forced to do so because Plaintiffs brought a suit that they should have known would have to be dismissed for reasons of improper venue or lack of jurisdiction; rather, OSF did so for presumably tactical reasons, in order to litigate in a venue of its choosing. That OSF has lost, and the deference generally given to a plaintiff's choice of forum has prevailed, *see In re Nat'l Presto Indus.*, Inc., 347 F.3d 662, 664 (7th Cir. 2003), does not mean that this result was foreordained, or that Plaintiffs caused OSF needless expense in getting there. The parties will bear their own costs.

## CONCLUSION

Accordingly, Plaintiffs' motion to dismiss, ECF No. 62, is GRANTED. The motions for leave to file a reply, ECF No. 68, and a sur-reply, ECF No. 69, are DENIED. Other pending motions, ECF Nos. 52, 53, 55, 56, and 58, are MOOT. The Clerk is directed to enter judgment and close the case.

Entered this 28th day of September, 2017.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
